# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LESLIE FEVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12CV9SNLJ |
| ) | |
| THE WESTIN, ST. LOUIS, ET. AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff originally filed this cause of action seeking damages for personal injuries sustained in an alleged "slip and fall" while attending a wedding reception at a hotel located in St. Louis, Missouri known as "The Westin" in the Circuit Court for the City of St. Louis. On or about January 4, 2012 defendants removed this lawsuit to federal court based on diversity. This matter is before the Court on the plaintiff's motion for leave to conduct discovery regarding subject matter jurisdiction [10], filed February 3, 2012. Responsive pleadings have all now been filed and this matter is ripe for disposition.

Plaintiff contends that she needs to conduct jurisdictional discovery in order to determine the residential addresses of defendant HEI St. Louis LLC's members and the principal place of business of defendants. She submits her proposed discovery to defendants HEI St. Louis LLC and Starwood.

Defendants counters that the citizenship of a limited liability company is based upon the citizenship of its members. They contend that their Notice of Removal clearly sets out that no member of defendant HEI St. Louis LLC is a citizen of the State of Missouri, and that Defendant Starwood's principal place of business is in the State of Connecticut. They further contend that

their pleadings and exhibits filed in response to the plaintiff's pending Motion to Remand [9] support these factual assertions. Finally, they argue that the plaintiff's proposed discovery fails to seek any information relevant to the issue of the defendants' citizenship for purposes of diversity.

Plaintiff concedes that a limited liability company's citizenship is based upon the citizenship of its members. However, she opines that discovery is necessary to determine the citizenship of defendant HEI St. Louis LLC's members. She further contends that "[t]he nerve center is relevant to Starwood Hotels and Resorts, Inc. `citizenship.'". Plaintiff's Reply [17], pg. 2. Furthermore, she generally contends that "[t]he John Doe entities, individuals and/or LLCs are relevant to determine the appropriate jurisdiction of this cause of action.". Plaintiff's Reply [17], pg. 2. Finally, she contends on principal that because there is a presumption against federal jurisdiction she should be allowed to conduct discovery.

After careful consideration of the matter, and review of the parties' pleadings and relevant caselaw, the Court will deny the plaintiff's motion for jurisdictional discovery [10].

"When a plaintiff offers only speculation or conclusory allegations about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery." Viasystems, Inc. v. EBM-Papst St. Georgen Gmbh & Co.KG, 646 F.3d. 589, 598 (8th Cir. 2011)(*quoting* Dever v. Hentzen Coatings, Inc., 380 F.3d. 1070, 1074 n.1 (8th Cir. 2004); *see also*, Fraserside IP, LLC v. Kovalchuk, et. al., 2012 WL 718784, *8 (N.D.Iowa March 5, 2012)(citations omitted); Ackerman v. Global Vehicles USA, Inc., 2011 WL 3847427, *2 (E.D.Mo. August 26, 2011).

Here, defendants have offered evidence that no members of defendant HEI St. Louis LLC is a citizen of the State of Missouri. *See*, Defendants' Notice of Removal [1], filed January 4, 2012; Defendants' Exhibit 14-1 to [14] - Affidavit of Sue Broderick. They have offered evidence

that defendant Starwood's principal place of business is in the State of Connecticut. *See*, Defendants' Notice of Removal [1], filed January 4, 2012.

Plaintiff has offered no reasonable challenge to the defendants' evidence. For example, she cites to defendant Starwood's prior filings with Missouri which 1) in 1998 set forth Starwood's principal place of business to be in the State of Arizona; and 2) and in March 2011 identified New York as its principal place of business.[1] Plaintiff's Motion to Remand [9], ¶8. Again, whether its principal place of business is in Arizona, New York or Connecticut, the fact still remains that its principal places of business have not been in Missouri. As for the proposed discovery, the Court concurs that it seeks information irrelevant to the issue of subject matter jurisdiction. It is totally irrelevant to the issue of the defendants' citizenship for purposes of diversity the identities of the managers at The Westin, the identity of the manufacturer and/or supplier of the floor upon which the plaintiff allegedly slipped and fell, or whether franchise agreements exist between the defendants and other person or entities. Plaintiff has offered nothing other than mere speculation as grounds for her jurisdictional discovery request.

Finally, the burden of establishing federal jurisdiction is not a matter to be addressed in a jurisdictional discovery motion. Whether or not federal jurisdiction exists is a matter that the Court will address in the pending motion to remand and not in connection with the instant motion. The burden is on the plaintiff in seeking jurisdictional discovery and she has failed to meet her burden.

Accordingly,

---

[1] Defendant Starwood moved its principal place of business to Connecticut in December 2011.

**IT IS HEREBY ORDERED** that plaintiff's motion for jurisdictional discovery [10] be and is **DENIED.**

Dated this    10th    day of May, 2012.

_____
UNITED STATES DISTRICT JUDGE