UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LESLIE FEVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12CV9SNLJ |
| ) | |
| THE WESTIN, ET. AL.,, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the plaintiff's motion to remand [9], filed February 3, 2012. Responsive pleadings have all now been filed and this matter is ripe for disposition.

Plaintiff contends that defendants have failed establish diversity for removal purposes because defendant HEI St. Louis LLC owns and operates The Westin, the subject hotel located in St. Louis, Missouri; that defendant HEI St. Louis has failed to identify its members or their citizenship for purposes of diversity of citizenship ; and that defendant Starwood's principal place of business as being other than Missouri is questionable because it has previously identified its principal place of business as being in Arizona and/or New York. Finally, plaintiff simply asserts that defendant HEI St. Louis LLC has failed to filed its Rule 7.1 Disclosure Statement Fed. R.Civ.P. Defendants counter that the fact that HEI St. Louis LLC owns and operates a hotel in St. Louis (and has on file with the State of Missouri an Application for Registration of a Foreign Limited Liability Corporation representing its purpose is to acquire, own and operate real and personal property in St. Louis, Missouri) is irrelevant in ascertaining the citizenship of HEI St. Louis LLC as a limited liability company. Defendants further contend that the citizenship of a limited liability company is determined by the citizenship of its members. In this regard, the

defendants have filed the affidavit of Ms. Sue Broderick attesting that no member of HEI St. Louis, LLC is a citizen of Missouri. Finally, the defendants contend that plaintiff does not dispute the fact that defendant Starwood is incorporated in the State of Maryland. As to its principal place of business being in the State of Connecticut, defendants contend that the fact they have previously filed documents showing Starwood's principal place of business as being first in Arizona, then New York, and now Connecticut is irrelevant since none of these locales is the State of Missouri.

Plaintiff argues that Ms. Broderick's affidavit is deficient because she is not an employee of the defendants, and fails to specifically identify "all" members of defendant HEI St. Louis LLC, especially in regards to trusts. Plaintiff further argues that defendants contend that Starwood's principal place of business is in Connecticut without providing evidence of same; i.e., that its "nerve center" is somewhere else than Missouri. Finally, plaintiff argues, without any legal support, that the "John Doe defendants" are relevant to the diversity issue.

After careful consideration of the matter, and review of the parties' pleadings, exhibits, and relevant caselaw, the Court will deny the plaintiff's motion to remand.

A civil action brought in state court may be removed to federal court where the federal district court has original jurisdiction. 28 U.S.C. §1441(a). District courts have original jurisdiction in those cases wherein the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs; and the citizenship of each plaintiff is diverse from the citizenship of each defendant ("complete diversity"). 28 U.S.C. §§1332, 1441(b). Thus, if complete diversity is lacking, a cause of action is removable.

A corporation is deemed to be a citizen of every state (and foreign state) where it was incorporated, and in the state (or foreign state) where it has its principal place of business. 28

U.S.C. §1332(c)(1). The citizenship of a limited liability company is determined by the citizenship of its members. GMAC Commercial Credit, LLC v. Dillard Department Stores, Inc., 357 F.3d. 827, 829 (8th Cir. 2004).

Defendant has offered the affidavit of Ms. Sue Broderick who attests that no members of defendant HEI St. Louis LLC are citizens of Missouri. She is the Director of Corporate and Legal Administration for Merritt Hospitality LLC which manages the daily operations of defendant HEI St. Louis LLC. She identifies HEI Hospitality Fund Holdings II, LP as the sole member of defendant HEI St. Louis LLC. She further identifies HEI Hospitality Fund Holdings II LP as a limited partnership whose partners are HEI Hospitality Fund II, LP and HEI Hospitality LLC. She further identifies HEI Hospitality Fund II, LP as a limited partnership whose general partner is HEI Hospitality Fund GP II, LP; and the limited partners to be various individuals, trusts, and foundations. She further attests that no limited partner of HEI Hospitality Fund II, LP is a citizen of the State of Missouri.

She further attests that HEI Hospitality LLC is a limited liability company and identifies its members as Gary Mendell, Steve Mendell, and Stephen Rushmore; all residents of either Connecticut or New York.

She further attests that HEI Hospitality Fund GP II, LP is a limited partnership and its general partner is HEI Hospitality Fund GP II (GP) LLC. Again, she attests that the limited partners are various individuals, trusts, and foundations of which none are a citizen of the State of Missouri.

Finally, she attests that HEI Hospitality Fund GP II (GP) LLC is a limited liability company and its sole member is HEI Hospitality LLC whose members are Gary Mendell, Steve Mendell, and Steven Rushmore; all residents of either Connecticut or New York.

The Court finds that Ms. Broderick is a sufficient affiant to attest to the facts pertinent to the issue of diversity as it relates to defendant HEI St. Louis LLC. The Court further finds that this affidavit is sufficiently detailed to establish the citizenship of defendant HEI St. Louis LLC as being outside the State of Missouri.

Plaintiff offers no legal support for her contention that the mere fact that defendant HEI St. Louis LLC owns and operates a hotel in Missouri, and that such ownership and operation of said hotel is on record with the State of Missouri establishes citizenship in Missouri which comports with 28 U.S.C. §1331(c)(1) or with Eighth Circuit law.

As to defendant Starwood, plaintiff's evidence is only that defendant Starwood has had prior principal places of business in states other than Missouri. Counsel for defendant Starwood represents that its client's principal place of business is in Connecticut as of December, 2011. If plaintiff has evidence to challenge this representation by counsel, she is free to challenge this representation and seek sanctions.

Finally, as to the John Doe defendants, plaintiff fails to offer any legal support for her contention that the John Doe corporate defendants should not be disregarded for purposes of determining diversity of citizenship. To the contrary, federal law clearly states that [t]he citizenship of defendants sues under fictitious names shall be disregarded.". 28 U.S.C. §1441(b)(1); Woodbury v. Courtyard Management Corp., et. al., 2012 WL 482344, *2 (E.D.Mo. Feb. 14, 2012)(pursuant to removal statute 28 U.S.C. §1441(a), the citizenship of defendants sued under fictitious names shall be disregarded and therefore, not a bar to removal).

The removing party bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Altimore v. Mount Mercy College, 410 F.3d. 763, 768 (8th Cir. 2005). The Court finds that the defendants have met their burden and the removal of this cause of

action based on diversity of citizenship was proper.  However, any party or the court itself may, at any time raise the issue of subject matter jurisdiction.  GMAC Commercial Credit, at 828 *citing* S.D. Farm Bureau, Inc. v. Hazeltine, 340 F.3d. 583, 591 (8th Cir. 2003).  If at any time plaintiff has relevant evidence to challenge diversity jurisdiction, she may raise the issue before this Court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [9] be and is **DENIED.**

Dated this   10th    day of May, 2012.

                                                 UNITED STATES DISTRICT JUDGE