UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| LESLIE FEVER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:12CV9 SNLJ |
| | ) |
| THE WESTIN, ST. LOUIS, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM

Plaintiff filed a premises liability action in state court that was removed to this Court based on diversity jurisdiction. This matter is before the Court on defendant's motion to strike plaintiff's expert disclosure and to exclude the testimony of plaintiff's expert (#42) and defendant's motion for summary judgment (#47). All responsive pleadings have been filed and this matter is ripe for disposition.

**I.     Background**

This is a slip and fall case that plaintiff originally filed in the Circuit Court of the City of St. Louis County on November 15, 2011 against defendants The Westin St. Louis,[1] Starwood Hotel and Resorts Worldwide, Inc.,[2] HEI St. Louis, LLC (HEI), and John Doe Corporation. Defendant HEI filed its notice of removal in this Court, with the consent of all defendants, based on diversity jurisdiction under 28 U.S.C. § 1332.

Plaintiff's complaint alleges that she slipped and fell on a dance floor at a wedding reception at The Westin hotel, located in St. Louis City, Missouri, on February 21, 2009. She

---

[1] The Westin St. Louis is not a legal entity but instead, is a fictitious name registration in the State of Missouri.

[2] Starwood Hotel and Resorts Worldwide, Inc. was voluntarily dismissed without prejudice by plaintiff on October 7, 2013.

contends that the dance floor was "slick, slippery, unreasonable, and dangerous." The complaint alleges that defendants failed to use ordinary care to remove the dangerous condition, failed to properly warn her of the dangerous condition, failed to properly maintain the dance floor, failed to operate the premises so as to provide reasonable and adequate protection to guests, and failed to take reasonable steps to prevent plaintiff's accident and her injuries. Plaintiff alleges she sustained physical injury and economic and noneconomic damages as a result of the fall.

Defendant filed a motion to strike plaintiff's expert disclosure and to exclude the testimony of plaintiff's expert witness because plaintiff had failed to produce her expert for deposition in accordance with the CMO. At the time defendant's motion was filed, all discovery was to be complete pursuant to the CMO. Thereafter, defendant HEI filed its motion for summary judgment, within the deadline set in the CMO. The motion included thirty-five statements of fact in separately numbered paragraphs with supporting documents. Plaintiff's response did not specifically controvert the thirty-five statements of fact. In her response to the motion, plaintiff offered her deposition testimony, an MRI report, and a letter from her expert. Plaintiff opposes the motions and requests additional time to produce her expert for deposition.

**II.     Legal Standard**

Pursuant to Federal Rule of Civil Procedure 56(a), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op. Inc.*, 838 F.2d 268, 273 (8th Cir.1988). After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*,

475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth affirmative evidence and specific facts by affidavit and other evidence showing that there is a genuine dispute of a material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex*, 477 U.S. at 324. "A dispute about a material fact is 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Herring v. Canada Life Assur. Co.,* 207 F.3d 1026, 1030 (8th Cir. 2000) (quoting *Anderson,* 477 U.S. at 248). A party resisting summary judgment has the burden to designate the specific facts that create a triable controversy. *See Crossley v. Georgia–Pacific Corp.,* 355 F.3d 1112, 1114 (8th Cir. 2004). Self-serving, conclusory statements without support are not sufficient to defeat summary judgment. *Armour and Co., Inc. v. Inver Grove Heights,* 2 F.3d 276, 279 (8th Cir. 1993).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Matsushita,* 475 U.S. at 587; *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chemical Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976).

The movant's statement of facts are deemed admitted if not specifically controverted by the party opposing the motion. Local Rule 4.01 (E) provides:

> A memorandum in support of a motion for summary judgment shall have attached a statement of uncontroverted material facts, set forth in a separately numbered paragraph for each fact, indicating whether each fact is established by the record, and if so, the appropriate citations. Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine issue exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. ***All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party***.

(emphasis added). Even where all of movant's statements of fact are deemed admitted, the Court must look at the entire record to determine whether summary judgment is warranted. "The Eighth Circuit has determined that when a plaintiff fails to respond adequately to a motion for summary judgment, a district court should not treat such a non-response as sufficient to dispose of the motion." *Lowry v. Powerscreen USB, Inc.*, 72 F.Supp.2d 1061, 1064 (E.D. Mo. 1999) (citing *Canada v. Union Electric Co.*, 135 F.3d 1211, 1213 (8th Cir. 1997). "Courts should proceed to examine those portions of the record properly before them and decide for themselves whether the motion is well taken." *Id.* "In so ruling, even on an unopposed motion for summary judgment, the court should review the facts in a light most favorable to the party who would be opposing the motion." *Id.*

With these principles in mind, the Court turns to the discussion.

**III.    Discussion**

    **A.    Motion for Summary Judgment**

Plaintiff's claim is for personal injuries allegedly resulting from a fall while she was a guest at a wedding reception held at The Westin hotel. The parties agree that plaintiff was an invitee for purposes of premises liability law under Missouri law. "The general duty owed to an invitee by the owner of the premises is the exercise of reasonable and ordinary care in making the premises safe." *Rycraw v. White Castle Systems, Inc.*, 28 S.W.3d 495, 499 (Mo.App. E.D. 2000). An injured invitee must prove: 1) a dangerous condition existed on defendant's property, 2) defendant knew, or by using ordinary care should have known, of the condition, 3) defendant failed to use ordinary care in removing or warning of the danger, and 4) invitee sustained injuries as a result of the dangerous condition. *Id.*; *Roberson v. AFC Enterprises, Inc.*, 602 F.3d 931, 934 (8th Cir. 2010).

Because plaintiff failed to specifically controvert defendant's statement of facts, those facts are deemed admitted for purposes of summary judgment. *O'Connell v. Accurate Plumbing, LLC*, 4:04CV1368 FRB, 2005 WL 2176926, at *2 (E.D. Mo. Sept. 8, 2005) (citing *Northwest Bank & Trust Co. v. First Ill. Nat'l Bank*, 354 F.3d 721, 724-25 (8th Cir. 2003); *Harris v. Interstate Brands Corp.*, 348 F.3d 761, 762-63 (8th Cir. 2003)). The facts that are deemed admitted include the following:[3] There was no liquid material on the dance floor that caused plaintiff to fall. Plaintiff was wearing two and a half to three inch heels when she fell and consumed two glasses of wine on the night she fell. Plaintiff did not notify any hotel employee of her fall and she did not seek immediate medical attention after her fall. Plaintiff did not see anyone fall on the dance floor before she fell.

The dance floor has never required repair, has never been waxed, and is cleaned with warm water before and after each use. Defendant HEI did not receive any complaints that its dance floor was too slippery on February 21, 2009 and, in fact, has never received a complaint that its dance floor was too slippery. Defendant HEI did not receive any notice of any incident involving its dance floor on February 21, 2009 or at any other time. Defendant HEI has never received notice of any incident involving one of its hotel guests slipping and falling on the dance floor. On November 19, 2009, defendant HEI's expert witness, William ElDorado performed testing on the subject dance floor and found that the dance floor is a slip resistant surface under dry conditions and that the slip index on the floor surface exceed the slip resistance guideline threshold as defined by the American National Standards Institute.

This Court has reviewed the materials offered by plaintiff in opposition to the motion, including plaintiff's deposition testimony in its entirety, to determine whether there is a genuine

---

[3] The facts listed are supported by appropriate citations to the record as required by Local Rule 4.01(E).

issue of material fact and whether plaintiff has produced sufficient evidence in opposition to the motion to support her premises liability claim. Reviewing the facts in a light most favorable to the plaintiff and giving the plaintiff the benefit of any inferences that logically can be drawn from those facts, the Court finds that plaintiff has failed to produce sufficient evidence that would allow a reasonable jury to find that the defendant knew, or by using ordinary care should have known, that the dance floor was so slippery that it constituted a dangerous condition.

The only evidence provided by plaintiff, and that can be found in the record before the Court, is plaintiff's own vague testimony that she slipped and fell on the dance floor because it was "slippery." She admitted there was no substance on the dance floor that caused her fall. Although plaintiff testified that she saw three others fall on the dance floor, those falls occurred after her fall, and there was no testimony regarding the circumstances of those falls or what caused those falls other than plaintiff's sheer speculation. There is no evidence of any falls prior to plaintiff's fall or that defendant HEI had any prior complaints about the dance floor being "slippery." Plaintiff has not offered any evidence, and the Court was unable to find any evidence in the record, to show that defendant HEI had an opportunity to observe or know about any alleged dangerous condition before plaintiff fell.

The Court does not address defendant HEI's arguments that plaintiff cannot produce sufficient evidence that the dance floor constituted a dangerous condition or that plaintiff cannot establish that the fall caused her injuries. Because the Court finds that plaintiff has not produced any evidence that defendant knew or should have known of the alleged dangerous condition, any discussion as to whether plaintiff has sufficient evidence to prove the other elements of a premises liability claim is not necessary.

### B. Motion to Strike

Defendant moves, pursuant to Federal Rules of Civil Procedure 26 and 37, that the Court sanction plaintiff and strike her expert, Dr. David Robson, because plaintiff failed to produce the expert for deposition as required by the CMO. Because this Court is granting defendant's motion for summary judgment, the motion to strike plaintiff's expert is denied as moot.

### IV. CONCLUSION

Because plaintiff failed to present sufficient evidence that would allow a reasonable jury to find the defendant knew, or by using ordinary care should have known, that the dance floor was slippery and constituted a dangerous condition, she cannot prove one of the necessary elements of her premises liability claim. Accordingly, defendant's motion for summary judgment (#47) is granted and judgment is entered in favor of defendant HEI ST. Louis, LLC with each party to bear her or its own costs. Defendant's motion to strike plaintiff's expert disclosure and to exclude the testimony of plaintiff's expert (#42) is denied as moot.

Dated this 8th day of November, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE